■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE HUNTER, Appellant. [852 NYS2d 880]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, burglary in the first degree (Penal Law § 140.30 [1]). Contrary to the contention of defendant, his "responses to County Court's questions unequivocally established that [he] understood the proceedings and was voluntarily waiving the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164 [2005], *lv denied* 5 NY3d 762 [2005]). The waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gordon*, 42 AD3d 964 [2007], *lv denied* 9 NY3d 876 [2007]) and, by pleading guilty, defendant forfeited his contention that the court erred in denying his severance motion (*see People v Lynch*, 13 AD3d 1142 [2004], *lv denied* 4 NY3d 800 [2005]; *People v Smith*, 290 AD2d 464 [2002], *lv denied* 98 NY2d 702 [2002]). Finally, to the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and waiver of the right to appeal (*see People v Eastman*, 45 AD3d 1411 [2007]; *People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEFFEW, Appellant. [853 NYS2d 518]—

Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.