Lahtinen, J.P.
Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 23, 2008, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant fatally shot a male acquaintance following a dispute over a woman. As a result, he was charged in an indictment with murder in the second degree and manslaughter in the first degree. In satisfaction thereof, he pleaded guilty to murder in the second degree. Prior to sentencing, defendant moved to withdraw his plea on the ground, among others, that his mental capacity was impaired by certain medications that he was taking at the time he entered the plea. County Court denied the motion without a hearing and sentenced defendant, in accordance with the plea agreement, to 18 years to life in prison. Defendant now appeals.
Defendant contends that County Court erred in denying his motion to withdraw his plea because the medications he was taking interfered with his ability to enter a voluntary plea. He maintains that County Court should, at the very least, have conducted a hearing on the matter, and that its failure to do so was also error. Initially, we note that “ ‘[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court’s sound discretion, and a hearing is required only where the rec *1114 ord presents a genuine question of fact as to its voluntariness’ ” (People v Russell, 79 AD3d 1530, 1530-1531 [2010], quoting People v Shovah, 67 AD3d 1257, 1257 [2009], lv denied 14 NY3d 773 [2010] [internal quotation marks and citations omitted]; see People v Lane, 1 AD3d 801, 802 [2003], lv denied 2 NY3d 742 [2004]). Upon reviewing the record here, we find no abuse of discretion in County Court’s denial of defendant’s motion nor the existence of a question of fact requiring a hearing. Defendant did not present any medical proof in support of the motion to establish that his mental state was impaired by medications he was taking (see People v Watkins, 107 AD3d 1416, 1417 [2013], lv denied 22 NY3d — [2013]). Notably, the psychologist who evaluated defendant did not indicate that he suffered from any cognitive deficiencies that compromised his mental capacity, but rather opined that he was likely overemphasizing his psychological distress (see People v Gomez, 174 AD2d 949 [1991], lv denied 79 NY2d 827 [1991]). Furthermore, a review of the transcript of the plea proceeding reveals that defendant fully understood the nature of the proceeding and that he entered a knowing, voluntary and intelligent guilty plea (see People v Gordon, 107 AD3d 739, 740, [2013]; People v Quinones, 51 AD3d 1226, 1228 [2008], lv denied 10 NY3d 938 [2008]; People v Wilder, 246 AD2d 750, 750 [1998], lv denied 91 NY2d 1014 [1998]). In view of the foregoing, we find no reason to disturb the judgment of conviction.
Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.