People v Ramos (2020 NY Slip Op 00647)





People v Ramos


2020 NY Slip Op 00647


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109641

[*1]The People of the State of New York, Respondent,
v
Juan Ramos, Also Known as J, Appellant.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ. 


Keeley A. Maloney, Albany, for appellant.
Letitia James, Attorney General, New York City (Matthew B. Keller of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered July 20, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the first degree.
Defendant and 20 other individuals were charged in a 263-count indictment with various crimes based upon their participation in a conspiracy to distribute heroin, cocaine and other drugs throughout the state. In full satisfaction of both the 41 counts of the indictment pertaining to him and another potential sale charge, defendant pleaded guilty to one count of criminal sale of a controlled substance in the first degree with the understanding that he would be sentenced to a prison term of 15 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Following the denial of defendant's pro se motion to withdraw his plea, Supreme Court sentenced defendant to the agreed-upon term of imprisonment, and this appeal ensued.
We affirm. Defendant first asserts — without elaboration — that his waiver of the right to appeal was invalid. "[T]he record demonstrates that [Supreme] Court adequately explained, and defendant acknowledged that he understood, that the waiver of the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea" (People v Perry, 168 AD3d 1287, 1287 [2019] [citations omitted]), and defendant signed a written waiver of the right to appeal in open court, wherein he "acknowledged that he was waiving his right to argue that the sentence [imposed was] harsh or excessive" (People v Rogers, 162 AD3d 1410, 1410 [2018]). We therefore find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Weir, 155 AD3d 1190, 1191 [2017]). In light of the valid appeal waiver, defendant's challenge to the severity of his agreed-upon sentence is precluded (see People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]), as is any claim relating to the denial of his suppression motion (see People v Inman, 177 AD3d 1167, 1168 [2019]; People v Swank, 176 AD3d 1627, 1628 [2019], lv denied ___ NY3d ___ [Dec. 31, 2019]).
Defendant's challenge to the voluntariness of his plea survives his valid appeal waiver (see People v Binion, 134 AD3d 1252, 1253 [2015]), but defendant's pro se motion to withdraw his plea was not premised upon the ground now asserted — namely, that his guilty plea resulted from defense counsel's misrepresentation that the state prison term imposed would run concurrently with a federal sentence that defendant then was serving for a parole violation. Accordingly, this argument is unpreserved for our review (see People v Diggs, 178 AD3d 1203, 1205 [2019]; People v Simon, 166 AD3d 1075, 1076 [2018]; People v Booker, 159 AD3d 1221, 1222 [2018], lv denied 31 NY3d 1145 [2018]). The narrow exception to the preservation requirement was not triggered, as "defendant did not make any statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Mastro, 174 AD3d 1232, 1232 [2019]; see People v Harrington, 170 AD3d 1338, 1338 [2019], lv denied 33 NY3d 1031 [2019]). "Further, absent record evidence of innocence, fraud or mistake in the inducement of the plea, we cannot say that [Supreme] Court abused its discretion in denying defendant's [pro se] motion to withdraw his plea without a hearing" (People v Palmer, 174 AD3d 1118, 1119 [2019] [internal quotation marks and citations omitted]; see People v Woods, 158 AD3d 900, 900 [2018], lv denied 31 NY3d 1154 [2018]). Defense counsel took no position with respect to defendant's pro se motion (see People v Tyler, 130 AD3d 1383, 1385 [2015]) and, therefore, the assignment of new counsel to represent defendant on the motion was not warranted (compare People v Faulkner, 168 AD3d 1317, 1318-1319 [2019]). Finally, even assuming that defendant's severance claim was properly before us, defendant's knowing, intelligent and voluntary guilty plea precludes any challenge to Supreme Court's ruling on this point (see People v Hunter, 49 AD3d 1243, 1243 [2008]; People v Welcome, 184 AD2d 916, 916 [1992], lv denied 80 NY2d 935 [1992]).
Clark, J.P., Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.