People v Burnell (2020 NY Slip Op 02683)





People v Burnell


2020 NY Slip Op 02683


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

110389

[*1]The People of the State of New York, Respondent,
v
Joseph Burnell Jr., Appellant.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Aaron A. Louridas, Delmar, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered March 8, 2018, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, burglary in the second degree, petit larceny and criminal possession of a controlled substance in the seventh degree (two counts).
Pursuant to a plea agreement, defendant pleaded guilty to robbery in the second degree, burglary in the second degree, petit larceny and two counts of criminal possession of a controlled substance in the seventh degree in satisfaction of an eight-count indictment, and he waived his right to appeal. Thereafter, defendant made an oral pro se motion to withdraw his plea on the grounds that he was innocent and that he was under mental distress and not thinking clearly at the time that he entered the guilty plea. County Court denied the motion without a hearing and, consistent with the plea agreement, sentenced defendant, as a second felony offender, to prison terms of seven years, followed by five years of postrelease supervision, for each burglary and robbery conviction and to one-year jail terms for each of the remaining convictions, all sentences to run concurrently. Defendant appeals.
We affirm. Initially, we agree with defendant that the waiver of the right to appeal is invalid. A review of County Court's brief colloquy with regard to the appeal waiver reflects that the court did not explain to defendant the separate and distinct nature of the appeal waiver or ensure "that defendant appreciated the right that he was relinquishing and understood the consequences thereof" (People v Miller, 166 AD3d 1385, 1386 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1207 [2019]; accord People v Mitchell, 166 AD3d 1233, 1233 [2018], lv denied 33 NY3d 979 [2019]). Although defendant executed a written waiver in open court, the court did not ascertain from defendant that he had conferred with counsel, had read the written appeal waiver or that he understood the consequences thereof (see People v Pittman, 166 AD3d 1243, 1244 [2018], lv denied 32 NY3d 1176 [2019]; People v Mallard, 163 AD3d 1350, 1351 [2018], lv denied 32 NY3d 1066 [2018]). Given the invalid appeal waiver, defendant's challenge to the severity of the sentence imposed is not foreclosed. Nevertheless, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Palmer, 174 AD3d 1118, 1119-1120 [2019]; People v Suddard, 164 AD3d 950, 951 [2018], lv denied 32 NY3d 1178 [2019]).
Defendant's challenges to the voluntariness of his guilty plea and his related claim that County Court abused its discretion in summarily denying his motion to withdraw his guilty plea are without merit. The record reflects that defendant unequivocally acknowledged, in response to the court's inquiries, that he understood the terms of the plea agreement, understood the rights he was forfeiting as a consequence of pleading guilty, that he was not being threatened to plead guilty and that he had sufficient time to speak with counsel and was satisfied with counsel's services. Defendant then admitted to engaging in conduct constituting the crimes at issue, which was set forth in detail, and defendant made no statements during the colloquy that called into question his actual innocence or the voluntariness of his plea. There is no indication in the plea colloquy that defendant lacked the capacity to understand either the plea proceeding or the ramifications of pleading guilty (see People v Snow, 159 AD3d 1278, 1279 [2018]) nor did defendant, in moving to withdraw, present any evidence in support of his assertion that his mental state was impaired at the time of his guilty plea (People v Wade, 110 AD3d 1113, 1114 [2013], lv denied 22 NY3d 1160 [2014]). Contrary to defendant's unsupported and conclusory assertions, the record reflects that he entered a knowing, voluntary and intelligent guilty plea. In the absence of "evidence of innocent, fraud or mistake in the indictment," we find no abuse of the court's discretion in denying defendant's motion to withdraw his plea (People v Diggs, 178 AD3d 1203, 1204-1205 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 1158 [2020]; see People v Ozuna, 177 AD3d 1040, 1041 [2019]; People v Harrison, 176 AD3d 1262, 1264 [2019], lv denied 34 NY3d 1016 [2019]; People v Snow, 159 AD3d at 1279; People v Nieves, 166 AD3d 1380, 1380-1381 [2018], lvs denied 33 NY3d 975, 979 [2019]).
Defendant also contends that he was denied the effective assistance of counsel. To the extent that such contention impacts upon the voluntariness of his plea, it is unpreserved for our review inasmuch as this was not the ground upon which defendant moved to withdraw his plea and the record reflects that he made no postallocution motion on such basis (see People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]; People v Alexander, 174 AD3d 1068, 1069 [2019], lv denied 34 NY3d 949 [2019]; People v Darrell, 145 AD3d 1316, 1317 [2016], lv denied 29 NY3d 1125 [2017]). Further, we are unpersuaded by defendant's contention that defense counsel made statements that affirmatively undermined the arguments advanced by defendant in the pro se motion to withdraw his plea (see People v Chaires, 150 AD3d 1326, 1328 [2017], lv denied 29 NY3d 1124 [2017]; People v Pimentel, 108 AD3d 861, 862-863 [2013], lv denied 21 NY3d 1076 [2013]). The remainder of defendant's ineffective assistance of counsel claim — namely, that counsel ignored his wish to testify before the grand jury, failed to investigate defendant's claim of innocence, pressured defendant to accept the guilty plea and did not adequately explained the waiver of the right to appeal to defendant — concern matters outside the record that are more appropriately pursued by way of a CPL article 440 motion (see People v Derrig, 175 AD3d 1675, 1676 [2019], lv denied 34 NY3d 1127 [2020]; People v Williams, 171 AD3d 1354, 1355 [2019]; People v Aldous, 166 AD3d 1077, 1079 [2018], lv denied 32 NY3d 1124 [2018]).
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.