People v King (2020 NY Slip Op 03150)





People v King


2020 NY Slip Op 03150


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110151

[*1]The People of the State of New York, Respondent,
v
Brent C. King, Appellant.

Calendar Date: May 20, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 9, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging him with criminal possession of a controlled substance in the fifth degree. He pleaded guilty to this crime and waived his right to appeal, both orally and in writing. Under the terms of the plea agreement, defendant was to be released to probation pending sentencing and, if he complied with its conditions, he would be permitted to withdraw his plea and plead guilty to a lesser crime. If, however, he failed to comply with the probationary conditions, he would be sentenced as a second felony offender to four years in prison, followed by two years of postrelease supervision. Prior to sentencing, defendant committed another crime and violated other conditions of his probation. As a result, County Court sentenced him to four years in prison, followed by two years of postrelease supervision, to run consecutively to the sentence imposed on the crime that he committed while on probation. Defendant appeals.
Initially, defendant contends that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failure to set forth the approximate time of the offense as required by CPL 195.20. For the reasons set forth in our decision in defendant's other pending appeal (People v King, ___ AD3d ___, ___ [appeal No. 110207, decided herewith]), we conclude that this omission does not constitute a jurisdictional defect mandating dismissal of the SCI (see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Edwards, 181 AD3d 1054, 1055 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]; People v Shindler, 179 AD3d 1306, 1306-1307 [2020]). Contrary to defendant's contention, we find his appeal waiver to be valid (see People v Ramos, 179 AD3d 1395, 1396 [2020]; People v Couse, 178 AD3d 1207, 1207-1208 [2019]) and, as such, his further challenge to the sentence as harsh and excessive is precluded (see People v Dill, 179 AD3d 1354, 1354 [2020]; People v Loffler, 178 AD3d 1152, 1153 [2019]).
Garry, P.J., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.