People v Burks (2020 NY Slip Op 06172)





People v Burks


2020 NY Slip Op 06172


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

109645

[*1]The People of the State of New York, Respondent,
v
Charles W. Burks, Appellant.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Michelle E. Stone, Vestal, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered May 4, 2017, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree and assault in the first degree.
In August 2016, defendant and his spouse were jointly charged, under an acting in concert theory, with the crimes of manslaughter in the second degree, assault in the first degree, criminal sale of a controlled substance in the third degree, assault in the second degree (two counts) and endangering the welfare of a child. The first four charges of the indictment arose out of allegations that, in May 2016, defendant and his spouse recklessly caused their five-year-old son to die of a mixed drug intoxication resulting from an Oxycodone overdose, malnutrition and the presence of toxic levels of diphenhydramine (Benadryl) and Clonodine. The remaining two charges arose out of allegations that roughly a year prior, in May 2015, defendant and his spouse recklessly caused the child to suffer hypoxic-ischemic encephalopathy — a brain injury that left the child unable to swallow or feed himself — by, among other things, administering methadone to the child. Defendant moved to suppress statements he made to the police, as well as physical evidence seized upon his arrest and pursuant to a search warrant. Although County Court conducted Huntley and Mapp hearings, defendant entered a guilty plea before receiving a determination on his suppression motions. Specifically, defendant pleaded guilty to manslaughter in the second degree and assault in the first degree in full satisfaction of all charges and in exchange for a negotiated sentence.
Prior to sentencing, defendant filed a pro se motion to withdraw his guilty plea on several grounds. County Court denied the motion without a hearing, and thereafter sentenced defendant, as a first time felony offender, in accordance with the negotiated plea agreement — to concurrent prison terms of 4 to 12 years upon the manslaughter in the second degree conviction and 13 years followed by five years of postrelease supervision upon the assault in the first degree conviction.[FN1] Defendant appeals.
Defendant first challenges the denial of his pro se motion to withdraw his guilty plea without a hearing. The determination of whether to permit a defendant to withdraw his or her guilty plea lies within the discretion of County Court; absent some evidence of innocence, fraud or mistake in its inducement, withdrawal of a guilty plea is generally not permitted (see People v Brown, 14 NY3d 113, 116 [2010]; People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]). Further, an evidentiary hearing on a motion to withdraw a guilty plea is required only when the record presents a genuine issue of fact as to the voluntariness of the plea (see People v Brown, 14 NY3d at 116; People v Crispell, 136 AD3d 1121, 1122 [2016], lv denied 27 NY3d 1149 [2016]).
Here, we find no abuse of discretion in County Court's determination to deny defendant's motion to withdraw his plea without conducting a hearing. Initially, the record belies defendant's claims that his guilty plea was coerced, entered when he was under undue emotional distress and/or impacted by an impaired mental or physical state. The plea colloquy reflects that defendant was clearly advised of the plea terms and their consequences, and defendant indicated that he had adequate time to confer with counsel, had discussed the evidence against him and possible defenses and was satisfied with defense counsel's representation. Defendant capably and coherently responded to County Court's questions and stated during the allocution that it was his choice to enter a guilty plea and that he had not been threatened, coerced or otherwise forced to plead guilty. Further, he assured the court that his prescribed medications were not affecting his ability to understand the proceedings and that he did, in fact, understand what was happening. In short, there is no indication in the plea colloquy that defendant lacked the capacity to understand the proceeding and the consequences of pleading guilty or that defendant's plea was coerced or the product of undue distress (see People v Burnell, 183 AD3d 931, 932-933 [2020], lv denied 35 NY3d 1043 [2020]; People v Snow, 159 AD3d 1278, 1279 [2018]; People v Russell, 286 AD2d 825, 826-827 [2001], lv denied 97 NY2d 760 [2002]). Moreover, in support of his motion, defendant failed to submit any evidence supporting his unsworn, conclusory allegations. For example, he did not provide any evidence detailing the dosages or side effects of his prescription medications or establishing his claimed low blood sugar levels and the potential impact of such levels (see People v Burnell, 183 AD3d at 932-933; People v Wade, 110 AD3d 1113, 1114 [2013], lv denied 22 NY3d 1160 [2014]). Contrary to defendant's contentions, the record established that his guilty plea was knowing, voluntary and intelligent (see People v Burnell, 183 AD3d at 932-933; People v Snow, 159 AD3d at 1279).
Defendant further asserts that defense counsel was ineffective and that County Court should have granted his motion to withdraw his guilty plea due to numerous failings by defense counsel. To the extent that these claims relate to the voluntariness of defendant's plea, the majority of such claims were not raised in his written motion to withdraw his guilty plea and are, therefore, unpreserved (see People v Burnell, 183 AD3d at 933; People v Ramos, 179 AD3d 1395, 1396 [2020], lv denied 35 NY3d 973 [2020]; People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]).[FN2] As the record does not reflect that defendant made any statements during the plea colloquy that negated an element of the crimes to which he pleaded guilty or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Williams, 27 NY3d 212, 214, 219-220 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]). The remainder of defendant's ineffective assistance of counsel claims concern matters outside of the record and are thus more properly considered in the context of a motion to vacate pursuant to CPL article 440 (see People v Shabazz, 174 AD3d 1223, 1225 [2019]; People v Miazga, 167 AD3d 1167, 1168 [2018], lv denied 32 NY3d 1207 [2019]). To the extent that defendant's contentions concern matters appearing both on the record and outside of the record, they present a mixed claim of ineffective assistance, which are better addressed together, in their entirety, in a motion pursuant to CPL 440.10 (see People v Taylor, 156 AD3d 86, 89-92 [2017], lv denied 30 NY3d 1120 [2018]).
Next, defendant argues that his statements to police should have been suppressed in that they were taken in violation of his right to counsel and that the evidence seized pursuant to the search warrant should have been suppressed as based upon statements unlawfully obtained from him and his spouse. With the exception of defendant's right to counsel claim, defendant forfeited appellate review of the claims raised in his suppression motion by pleading guilty after the suppression hearing, but before his motion was decided (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Nugent, 173 AD3d 1483, 1483-1484 [2019]; People v Rodriguez, 118 AD3d 1182, 1182-1183 [2014], lv denied 24 NY3d 964 [2014]; compare CPL 710.70 [2]). Although we recognize that a right to counsel claim may survive a guilty plea (see People v McLean, 15 NY3d 117, 120-121 [2010]), here, during the course of his guilty plea, defendant expressly relinquished his right to a decision on that issue, which was raised in his suppression motion and fully argued at the Huntley hearing. Under these circumstances, defendant waived appellate review of his right to counsel claim (see generally People v Hansen, 95 NY2d 227, 230-232 & n 1 [2000]).
Further, defendant's knowing, voluntary and intelligent guilty plea precludes his challenge to County Court's denial of his motion to sever counts 5 and 6 of the indictment from the remaining counts of the indictment (see People v Ramos, 179 AD3d at 1397; People v Hunter, 49 AD3d 1243, 1243 [2008]; People v Smith, 290 AD2d 464, 464 [2002], lv denied 98 NY2d 702 [2002]). Defendant's challenge to the sufficiency of the evidence before the grand jury is similarly precluded (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v King, 185 AD3d 1090, 1090-1091 [2020]). As a final matter, we are wholly unconvinced that defendant's negotiated sentence — which was below the statutory maximum (see Penal Law §§ 70.00 [2] [c]; [3] [b]; 70.02 [1] [a]; [3] [a]) — was harsh or excessive.
To the extent that we have not expressly addressed any of defendant's arguments, they have been examined and found to be lacking in merit.
Garry, P.J., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's spouse was convicted, upon her plea of guilty, to manslaughter in the second degree and assault in the first degree and sentenced to concurrent prison terms of 3 to 9 years for the manslaughter conviction and nine years, followed by four years of postrelease supervision, for the assault conviction. This Court affirmed the spouse's conviction (People v Burks, 179 AD3d 1387 [2020]).

Footnote 2: Even if defendant's letter to defense counsel, which was appended to his pro se motion, were deemed sufficient to preserve the claims for review, we would nonetheless find that County Court did not abuse its discretion in denying the motion without a hearing.