People v Burnell (2022 NY Slip Op 05357)

People v Burnell

2022 NY Slip Op 05357

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

112635
[*1]The People of the State of New York, Respondent,
v
Joseph Burnell Jr., Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Aaron A. Louridas, Delmar, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Nichole M. Sands of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an order of the County Court of Clinton County (William A. Favreau, J.), entered November 10, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of robbery in the second degree, burglary in the second degree, petit larceny and criminal possession of a controlled substance in the seventh degree (two counts), without a hearing.
The underlying facts are more fully set forth in this Court's prior decision in this matter (183 AD3d 931 [3d Dept 2020], lv denied 35 NY3d 1043 [2020]). Briefly, in full satisfaction of an eight-count indictment, defendant pleaded guilty to robbery in the second degree, burglary in the second degree, petit larceny and two counts of criminal possession of a controlled substance in the seventh degree. Prior to sentencing, defendant made an oral pro se motion to withdraw his plea contending, among other things, that his alleged mental distress precluded him from thinking clearly during the plea allocution, thereby rendering his plea involuntary. County Court denied the motion without a hearing, and — consistent with the terms of the plea agreement — sentenced defendant, as a second felony offender, to prison terms of seven years followed by five years of postrelease supervision upon his robbery and burglary convictions and to lesser terms of incarceration upon the remaining convictions, all sentences to run concurrently. Upon appeal, this Court affirmed, noting that certain aspects of defendant's ineffective assistance of counsel claim — "namely, that counsel ignored his wish to testify before the grand jury, failed to investigate defendant's claim of innocence, pressured defendant to accept the guilty plea and did not adequately explain[] the waiver of the right to appeal" — were more properly pursued in the context of a postconviction motion (id. at 933-934). Defendant's subsequent pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied by County Court without a hearing, prompting this appeal.
We affirm. Preliminarily, to the extent that defendant's motion to vacate is premised upon CPL 440.10 (1) (f), we note that such ground is limited to "[i]mproper and prejudicial conduct not appearing in the record [that] occurred during a trial" (emphasis added). As the judgment of conviction here was procured by a guilty plea, this portion of the statute is inapplicable. Defendant's reliance upon CPL 440.10 (1) (b) — which provides that a motion to vacate may be granted where the judgment of conviction "was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor" (emphasis added) — is similarly misplaced, as defendant's argument on this point centers upon defense counsel's failure to request a competency exam and alleged efforts to undermine defendant's pro se motion to withdraw his plea. In any event, these very arguments, as well as defendant's related assertion that he was incapable [*2]of understanding or participating in the underlying proceedings "by reason of mental disease or defect" (CPL 440.10 [1] [e]), were considered and addressed upon defendant's direct appeal, wherein we found, as relevant here, that there was "no indication . . . that defendant lacked the capacity to understand either the plea proceeding or the ramifications [there]of" (183 AD3d at 933). We further concluded that defendant failed to "present any evidence in support of his assertion that his mental state was impaired at the time of his guilty plea" and rejected his claim that defense counsel "affirmatively undermined the arguments advanced by defendant in the pro se motion to withdraw his plea" (id.). Finally, we held that, absent evidence of innocence, fraud or mistake in the inducement, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea (see id.). In short, as the foregoing arguments were — or could have been — raised in the context of defendant's direct appeal, they are not properly the subject of a postconviction motion (see People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]; see generally People v Miller, 206 AD3d 1296, 1297 [3d Dept 2022]).
Defendant's remaining ground for vacatur — that he was denied his constitutional right to the effective assistance of counsel (see CPL 440.10 [1] [h]) — is unpersuasive. Defendant averred that he suffered from unspecified mental health issues and that he "informed counsel of his injuries and the underlying symptoms [that] caused lucid moments to vary." As the People point out, however, defendant did not provide any details regarding the injuries sustained, the symptoms experienced and/or the manner in which such injuries or symptoms impacted his mental status.[FN1] Although defendant's motion was supported by an MRI report, which indeed reflects that defendant sustained some sort of unspecified trauma resulting from a "fall with [a] broken mandible," the only abnormality referenced in the report is an "abnormal increased T2 signal intensity" that, in turn, could affect defendant's ability to smell and taste. Defendant did not provide any additional medical records or history in support of his motion, nor did he otherwise correlate the findings contained in the MRI report with his asserted — and entirely unspecified — mental shortcomings.
"In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]; accord People v Goodwalt, 205 AD3d 1070, 1073 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). Defense counsel secured an advantageous plea agreement that limited defendant's sentencing exposure, and — given the vague nature of defendant's asserted disclosures to counsel and the corresponding [*3]absence of supporting medical evidence — counsel hardly can be faulted for failing to "look[] further" with respect to "defendant's character or mental health." In light of the foregoing, we cannot say that County Court abused its discretion in concluding that defendant's submissions were insufficient to warrant a hearing (compare People v Adamo, 174 AD3d 1228, 1229-1231 [3d Dept 2019], lv denied 34 NY3d 1014 [2019]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: At the time of sentencing in March 2018, defendant indicated that he suffered a brain injury approximately one year earlier, as a result of which he sustained "bleeding on [his] brain" and was under the care of a neurologist.