People v James (2023 NY Slip Op 02145)

People v James

2023 NY Slip Op 02145

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

112387 109767
[*1]The People of the State of New York, Respondent,
v
Kyle James, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Adam W. Toraya, Albany, for appellant, and appellant pro se.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Sullivan County (Michael F. McGuire, J.), rendered August 4, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court (Bryan E. Rounds, J.), entered June 12, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In January 2016, the police responded to a call that a domestic incident involving a man with a handgun and drugs was taking place at an apartment complex. When the police arrived at the scene, they encountered a woman breaking a first-floor apartment window and screaming that a man inside had a gun. According to the police, when called outside by officers, defendant and another man exited the apartment and denied having a handgun. With defendant's oral and written consent, the police searched his apartment and discovered a handgun and drugs. Defendant was charged by a 10-count indictment with various weapon and drug-related offenses. He ultimately pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree in full satisfaction of the charges against him and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court (McGuire, J.) sentenced defendant, as a second felony offender, to an aggregate prison term of 17 years to be followed by eight years of postrelease supervision. Thereafter, defendant moved to vacate his judgment of conviction contending, among other things, that he had been deprived of the effective assistance of counsel, a motion opposed by the People. County Court (Rounds, J.) denied defendant's motion, without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
As the People concede, and our review of the record confirms, defendant's waiver of the right to appeal is invalid (see People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]). Turning to his contentions, defendant argues that his guilty plea was not entered knowingly, voluntarily and intelligently. However, this claim is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion to withdraw his guilty plea despite having an opportunity to do so prior to sentencing (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; People v Burnham, 206 AD3d 1368, 1369 [3d Dept 2022], lv denied 38 NY3d 1187 [2022]), and this case does not fall within the narrow exception to the preservation rule (see People v Duckett, 205 AD3d 1229, 1230 [3d Dept 2022], lv denied 39 NY3d 939 [2022]). To the extent that defendant initially stated during the plea colloquy that he was not satisfied [*2]with his attorney's services, therefore undermining the voluntariness of his plea, County Court (McGuire, J.) made the appropriate inquiry and twice clarified that defendant was specifically not satisfied with the timing of his plea and the outcome [FN1] — not his attorney's legal services (see People v Hardie, 211 AD3d 1418, 1419 [3d Dept 2022], lv denied ___ NY3d ___ [Mar. 29, 2023]; People v See, 206 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]; People v Cafarelli, 193 AD3d 1350, 1350 [4th Dept 2021], lv denied 37 NY3d 990 [2021]). The record further reflects that defendant affirmed that he had sufficient opportunity to confer with counsel and understood the consequences of entering a guilty plea, which he was not being forced or coerced into entering (see People v Hawkins, 207 AD3d 814, 815-816 [3d Dept 2022]).Accordingly, "[h]aving failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (People v Williams, 203 AD3d 1398, 1399 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1036 [2022]; see People v Hardie, 211 AD3d at 1419).
Defendant also contends that he was deprived of the effective assistance of counsel, and that County Court (Rounds, J.) erred in denying his CPL 440.10 motion without an evidentiary hearing. We disagree. "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief, and a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1189 [2022]; see People v Gillespie, 205 AD3d 1212, 1216 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; see also CPL 440.30 [4] [d]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Burnell, 208 AD3d 1554, 1556 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 961 [2022]).
Here, defendant's contentions are self-serving and belied by the record. Specifically, defendant's allegation that he wanted to proceed to trial but his first counsel refused to do so is directly contradicted by defendant's statements made during the plea colloquy and at sentencing, wherein defendant indicated his desire to have taken the first plea offer rather than continuing with his case. Defendant's further claim that his counsel failed to investigate who was the owner of the house where the handgun and drugs were found is not material to his defense[*3], as defendant had authority and voluntarily consented to the search of his apartment (see People v Brinkley, 174 AD3d 1159, 1163-1164 [3d Dept 2019], lv denied 34 NY3d 979 [2019]; People v Robinson, 156 AD3d 1123, 1129 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]), and the record otherwise demonstrates that he admitted that he owned and possessed the handgun and drugs (see generally People v Davis, 167 AD3d 1330, 1331 [3d Dept 2018]). Moreover, the record indicates that defendant's counsel took an extraordinary step in contacting the Chief Judge of the State of New York to obtain an accommodation for defendant as it related to the interplay between his state and federal cases. Defendant's attorneys also made appropriate motions, competently examined and cross-examined witnesses at various hearings, raised proper objections and the last attorney secured a favorable plea that dismissed 8 out of 10 counts in the indictment and avoided a sentencing exposure of 25 years to life as a persistent felony offender (see People v Clark, 209 AD3d 1063, 1066 [3d Dept 2022]). The record further reflects that defendant assured County Court that, upon clarification, he was satisfied with his attorney's services, had a sufficient amount of time to confer with her and had no questions of her at the time he pleaded guilty (see People v Goodwalt, 205 AD3d 1070, 1073 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]).Based on the foregoing, it cannot be said that defendant was denied the effective assistance of counsel (see People v Crispell, 203 AD3d 1393, 1395 [3d Dept 2022]).
Defendant's remaining contentions do not warrant extended discussion. County Court properly denied defendant's motion to suppress the evidence seized during the search of his apartment and attached porch (see People v Brinkley, 174 AD3d at 1163-1164; People v Robinson, 156 AD3d at 1129; People v Gray, 152 AD3d 1068, 1070 [3d Dept 2017], lv denied 30 NY3d 980 [2017]). We also decline defendant's invitation to exercise our interest of justice jurisdiction, as the sentence was not harsh or excessive and was well below the maximum authorized sentence (see People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]). We have examined defendant's remaining contentions and have found them to be without merit or rendered academic.
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant was not satisfied with the number of years offered in the People's last plea offer before the trial because it was two years longer than the initial offer, which defendant wanted to accept but did not do so on the advice of the attorney handling his related federal case.