People v Guilder (2025 NY Slip Op 00703)

People v Guilder

2025 NY Slip Op 00703

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CR-23-1497
[*1]The People of the State of New York, Respondent,
v
Nicholas Guilder, Appellant.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered October 28, 2022, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and petit larceny.
In March 2022, defendant was charged in an indictment with burglary in the second degree and petit larceny stemming from allegations that he had unlawfully entered a home with intent to commit a crime therein. Defendant was represented from the outset by assigned counsel, who advised County Court at an initial pretrial conference that defendant had attempted to fire him, and the matter was adjourned for assigned counsel to confer with defendant. During subsequent appearances, defendant recounted his complaints regarding counsel's representation and requested, among other things, the assignment of new counsel, which the court denied finding no grounds for relieving assigned counsel, each time addressing defendant's complaints and explaining the relevant legal principles and proceedings. At a September 2022 appearance, the court assigned a second attorney to assist in the defense, who thereafter appeared with defendant and assigned counsel, as defendant indicated that he wanted both attorneys to represent him.[FN1] The court adjourned the scheduled trial to permit defense counsel to prepare and to consult with defendant regarding the court's offer to impose the minimum prison term of seven years, to be followed by five years of postrelease supervision, if he elected to plead guilty to the indictment. At the next appearance, after defendant conferred with both attorneys and, at assigned counsel's request, the court held a sealed proceeding outside of the presence of the People at which assigned counsel outlined his expected trial strategy, which differed from defendant's preferred strategy. The court advised defendant that while it was his decision whether to testify, trial strategy was a matter for defense counsel.
At the following appearance, defendant accepted County Court's plea offer and entered a guilty plea to both charges; in exchange, he was sentenced, as a second violent felony offender, to the agreed-upon prison term of seven years, to be followed by five years of postrelease supervision, upon his conviction for burglary in the second degree and to time served upon his petit larceny conviction. Defendant appeals.
We affirm. Defendant argues that his conviction must be vacated because County Court erred in denying his request for the assignment of substitute counsel prior to his plea. However, defendant abandoned his request when he decided to enter a guilty plea while represented by his initially assigned counsel — after being assigned additional defense counsel with whom to confer — and after assuring the court that it had adequately addressed his complaints (see People v James, 215 AD3d 1176, 1177-1178 [3d Dept 2023], lv denied 40 NY3d 935 [2023]; People v Crosby, 195 AD3d 1602, 1604 [4th Dept 2021], lv denied 37 NY3d [*2]1026 [2021]). Moreover, this claim is "unpreserved for our review given defendant's failure to make an appropriate postallocution motion to withdraw his plea" despite an opportunity to do so prior to sentencing (People v See, 206 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]; see People v Mehalick, 226 AD3d 1263, 1264 [3d Dept 2024], lv denied 42 NY3d 928 [2024]; People v James, 215 AD3d at 1178; People v Duckett, 205 AD3d 1229, 1230 n 1 [3d Dept 2022], lv denied 39 NY3d 939 [2022]; People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]); nor is the narrow exception to the preservation requirement implicated here (see People v See, 206 AD3d at 1155).
To the extent that defendant contends that he was denied the effective assistance of counsel, impacting the voluntariness of his guilty plea, this claim survives his guilty plea but is also unpreserved (see People v Montgomery, 221 AD3d 1347, 1348-1349 [3d Dept 2023], lv denied 41 NY3d 966 [2024]; cf. People v Petgen, 55 NY2d 529, 534-535 [1982]). Contrary to defendant's arguments, assigned counsel did not seek to discredit his alibi-related efforts but, rather, devised a cogent defense strategy that was consistent with the compelling evidence placing him on the property at the time of the burglary. Assigned counsel was not obligated to pursue what he viewed to be a losing strategy or to seek to be relieved of the representation based upon defendant's differing views on the best trial strategy. Defendant's arguments amount to a disagreement with defense counsel's reasonable assessment of the evidence and planned trial strategies that do not establish that he was denied meaningful representation (see People v Dunham, 231 AD3d 1437, 1442 [3d Dept 2024]; People v Hatcher, 211 AD3d 1236, 1240 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]). To the extent that defendant relies upon matters not appearing in the record on direct appeal, they are more appropriately addressed in a motion to vacate pursuant to CPL article 440 (see People v Duckett, 205 AD3d at 1230).
Clark, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In the alternative, defendant requested to proceed pro se. However, after a lengthy inquiry by County Court, he concluded that he did not want to proceed without legal representation. On appeal, defendant does not raise any issues with respect to that request. Defendant also indicated that he wanted to hire an attorney of his choosing, which he was advised was his right, but he did not do so.