[4 NE3d 352, 981 NYS2d 342]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL PAYTON, Appellant.

Argued November 14, 2013; decided December 12, 2013

## APPEARANCES OF COUNSEL

*Robert C. Mitchell, Legal Aid Society*, Riverhead (*Kirk R. Brandt* of counsel), for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Glenn Green* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by remitting the case to County Court for a hearing on defendant's CPL 440.10 motion and, as so modified, affirmed.

On April 6, 2007, defendant Wendell Payton was arrested and charged with one count of second-degree robbery (Penal Law § 160.10). About two weeks before defendant's trial, the district attorney's office executed a search warrant on defense counsel's law office. This development was not disclosed to defendant, County Court or the assistant district attorney prosecuting the People's case. On February 19, 2008, the jury convicted defendant as charged.

On April 16, 2008, when defendant appeared for sentencing, the judge revealed that after the verdict he had learned of a potential conflict of interest with respect to defense counsel's representation of defendant. The nature of the conflict was not placed on the record, but County Court referred to an off-the-record discussion with defense counsel and the assistant district attorney. The judge separately confirmed with defense counsel and defendant that they had discussed this matter. The judge then advised defendant that he was prepared to assign him new counsel, and defendant acknowledged that he wanted a new lawyer. County Court relieved defense counsel and rescheduled the sentencing hearing.

On or about June 23, 2008, defendant's new attorney moved to set aside the verdict pursuant to CPL 330.30. He argued that the People's investigation of defendant's trial counsel on unrelated criminal charges created an actual conflict of interest that should have been disclosed to defendant; and that, as a result, defendant's conviction had to be vacated because he did not waive the conflict. In a decision dated October 3, 2008, the judge denied the motion, concluding that the circumstances presented did not rise to the level of an actual conflict of interest, but constituted a potential conflict at most. In the judge's view, the execution of the search warrant did not necessarily alert the trial attorney that he himself was the target of a criminal investigation, rather than some other person or legal entity referenced in any material seized. Further, defendant made no claim or showing that the putative conflict operated on the defense. On October 6, 2008, the judge sentenced defendant to a determinate term of 13 years in prison, followed by five years of postrelease supervision. About two months later, defendant's former counsel was arrested and charged with fifth-degree possession of a controlled substance (Penal Law § 220.06); he pleaded guilty to this charge and, on April 9, 2009, was sentenced to a conditional discharge.

Defendant subsequently moved to set aside his conviction pursuant to CPL 440.10, again alleging an actual conflict of interest. In a decision dated June 7, 2010, County Court denied the motion without a hearing. He cited essentially the same reasons as in his earlier decision denying defendant's CPL 330.30 motion. Defendant sought leave to appeal, and the Appellate Division granted the application and calendared it with his direct appeal. In November 2012, the Appellate Division affirmed the judgment as well as the order, insofar as appealed from, with one Justice dissenting (100 AD3d 786 [2d Dept 2012]); on January 22, 2013, the dissenting Justice granted defendant's motion for leave to appeal.

The State and Federal Constitutions guarantee a criminal defendant legal representation that is "reasonably competent, conflict-free and singlemindedly devoted to the client's best interests" (*People v Harris*, 99 NY2d 202, 209 [2002]). A defendant is denied the right to effective assistance of counsel when, "absent inquiry by the court and the informed consent of defendant, defense counsel represents interests which are actually in conflict with those of defendant" (*People v McDonald*, 68 NY2d 1, 8 [1986]). Because the trial judge owes a duty independent

of counsel to protect an accused's right to effective assistance, once a trial court is

> "aware of facts from which it appears that conflicting interests arguably exist, the Trial Judge must conduct a record inquiry of each defendant whose representation is potentially conflict-ridden in order to ascertain whether he or she 'has an awareness of the potential risks involved in that course and has knowingly chosen it' " (*id.*, quoting *People v Gomberg*, 38 NY2d 307, 313-314 [1975]).

But even if the trial court fails to conduct such an inquiry and obtain defendant's informed consent, the error requires reversal only if the conflict is an actual one. Where the conflict is merely potential, reversal is mandated only if the defendant can establish that the conflict operated on the defense (*see People v Solomon*, 20 NY3d 91, 97 [2012]).

We reject defendant's request to require automatic reversal anytime the defense attorney is under investigation or being prosecuted by the same district attorney's office that is trying his client. Indeed, in *People v Konstantinides* (14 NY3d 1, 13 [2009]), we declined to adopt such a per se rule in a case where a defense attorney was accused of criminal misconduct (witness tampering, bribery and suborning perjury) in relation to a witness in his client's case. An actual conflict would exist where a defense attorney was implicated in the crimes for which his client stood trial, but that was not the situation in *Konstantinides* and is certainly not the case here. Accordingly, to obtain relief, defendant must demonstrate at a hearing on his 440.10 application that "the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Ortiz*, 76 NY2d 652, 657 [1990] [internal quotation marks omitted]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order modified by remitting to County Court, Suffolk County, for a hearing on defendant's CPL 440.10 motion and, as so modified, affirmed, in a memorandum.