*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                106904
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

GARY WRIGHT,
                    Appellant.
_____


Calendar Date:  April 29, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____


        Law Offices of Michael Katzer, Slingerlands (Michael Katzer
of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Christopher D.
Horn of counsel), for respondent.

_____


Peters, P.J.

        Appeal, by permission, from an order of the County Court of
Albany County (Herrick, J.), entered July 9, 2014, which, among
other things, denied defendant's motion pursuant to CPL 440.10 to
vacate the judgment convicting him of the crimes of attempted
rape in the first degree and sexual abuse in the first degree
(two counts), without a hearing.

        Following a jury trial in November 2009, defendant was
convicted of attempted rape in the first degree and two counts of
sexual abuse in the first degree.  Both defendant's judgment of
conviction and the order denying his subsequent CPL 440.10 motion
were affirmed by this Court on appeal (88 AD3d 1154 [2011], lv
denied 18 NY3d 863 [2011]).  Approximately 2½ years later,

defendant again moved to vacate the judgment of conviction pursuant to CPL 440.10, this time alleging that James Long, one of the three attorneys who represented him during the course of the criminal proceedings, was ineffective as a result of a conflict of interest. Specifically, defendant claimed that, while representing him, Long was simultaneously representing David Soares, the Albany County District Attorney, whose office was prosecuting defendant. Defendant also requested that the District Attorney's office be disqualified and a special prosecutor be appointed for any further proceedings that may occur in his case. County Court denied defendant's motion without a hearing, and defendant, by permission, now appeals.

The State and Federal Constitutions guarantee a criminal defendant the right to the effective assistance of counsel, that is, "representation that is reasonably competent, conflict-free and singlemindedly devoted to the client's best interests" (People v Payton, 22 NY3d 1011, 1013 [2013] [internal quotation marks and citation omitted]; accord People v Ennis, 11 NY3d 403, 409-410 [2011], cert denied 556 US 1240 [2009]; People v Harris, 99 NY2d 202, 209 [2002]). "Discussions of the effect of a lawyer's conflict of interest on a defendant's right to the effective assistance of counsel distinguish between a potential conflict and an actual conflict" (People v Solomon, 20 NY3d 91, 95 [2012]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict. In contrast, a potential conflict that is not waived by the accused requires reversal only if it 'operates' on or 'affects' the defense" (People v Sanchez, 21 NY3d 216, 223 [2013] [citations omitted]; see People v Solomon, 20 NY3d at 96-97; People v Harris, 99 NY2d at 210; People v Ortiz, 76 NY2d 652, 657 [1990]). The burden of showing that such a conflict exists rests with the defendant (see People v Sanchez, 21 NY3d at 223; People v Konstantinides, 14 NY3d 1, 12 n 4 [2009]; People v Jordan, 83 NY2d 785, 787 [1994]).[1]

_____

[1] For this reason, and inasmuch as the People were not even required to respond to the motion (see CPL 440.30 [1] [a]; People v Hoffler, 74 AD3d 1632, 1635 n 4 [2010], lv denied 17 NY3d 859

Defendant's assertion that an actual conflict of interest existed between Long and Soares finds no support in the record. It is undisputed that Long began representing defendant in the instant matter in February 2009 and continued to represent defendant in the pretrial stages of the criminal action until he was terminated in September 2009, approximately two months prior to the commencement of the jury trial. In support of his claim that Long was operating under a conflict at the time of the representation, defendant proffered a copy of an October 18, 2008 newspaper article which stated that Long had sent a letter to the Albany County Board of Elections on behalf of Soares' reelection campaign regarding the omission of Soares' name from a party line on thousands of absentee ballots for the 2008 election. The record is bereft of any evidence, however, that Long represented Soares or his campaign at any other time during the period leading up to and through his representation of defendant in the instant criminal action.[2] Having put forth no proof that the representation was concurrent, defendant failed to show the existence of an actual conflict of interest (compare People v Solomon, 20 NY3d at 96-98; People v Lynch, 104 AD3d 1062, 1062-1063 [2013]).

Assuming, without deciding, that Long represented Soares during his reelection campaign and that such representation created a potential conflict of interest, we conclude that defendant failed to meet the heavy burden of showing that "'the conduct of his defense was in fact affected by the operation of

_____

[2011]), there is no merit to defendant's argument that an adverse inference should have been drawn against the People due to its failure to submit an affidavit from Soares concerning his professional relationship with Long.

[2] While defendant also put forth evidence that Long represented Soares in connection with a professional misconduct matter in April 2011, as well as in various personal matters thereafter, such representation occurred well after the attorney-client relationship between Long and defendant ended. As such, it has no bearing on whether Long was operating under a conflict at the time of his representation of defendant.

the conflict of interest,' or that the conflict 'operated on' the representation" (People v Ortiz, 76 NY2d at 657, quoting People v Alicea, 61 NY2d 23, 31 [1983]; accord People v Konstantinides, 14 NY3d at 10; People v Robles, 115 AD3d 30, 37 [2014], lv denied 22 NY3d 1202 [2014]; see People v Sanchez, 21 NY3d at 223).  The record plainly reveals that, during the seven-month pretrial period in which he represented defendant, Long made multiple court appearances on defendant's behalf, arranged for the crime scene to be photographed, assisted defendant in preparing to testify before the grand jury and filed appropriate motions to, among other things, suppress defendant's statement to police and dismiss the indictment.  Perhaps most notably, Long obtained two favorable plea offers, both of which defendant rejected (see People v Abar, 99 NY2d 406, 410 [2003]; People v Bier, 307 AD2d 649, 650-651 [2003], lv denied 100 NY2d 618 [2003]).  Moreover, Long's representation of defendant ended two months prior to the commencement of the jury trial, and there is no suggestion that the successor attorney's loyalty to defendant was in any way compromised or that his representation of defendant leading up to and through the trial was less than meaningful (cf. People v Konstantinides, 14 NY3d at 11-12).  In light of these circumstances, defendant has failed to demonstrate that any such conflict operated on his defense (see id.; People v Abar, 99 NY2d at 410-411; People v Monette, 70 AD3d 1186, 1187-1188 [2010], lv denied 15 NY3d 776 [2010]; People v McCrone, 12 AD3d 848, 849-850 [2004], lv denied 4 NY3d 800 [2005]; People v Bier, 307 AD2d at 650-651).

Finally, absent a showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]), County Court was not required to disqualify the District Attorney's office with regard to any further proceedings that may arise in this case (see People v English, 88 NY2d 30, 34 [1996]; People v Herr, 86 NY2d 638, 641-642 [1995]; People v Giroux, 122 AD3d 1063, 1064 [2014]; People v Zinkhen, 89 AD3d 1319, 1320 [2011], lv denied 18 NY3d 964 [2012]).

Garry, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court