People v Gibson (2020 NY Slip Op 03698)





People v Gibson


2020 NY Slip Op 03698


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

110915

[*1]The People of the State of New York, Respondent,
v
Kareem L. Gibson, Also Known as Lotto, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant, and appellant pro se.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 22, 2019, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Following an August 2018 altercation, defendant was indicted and charged with assault in the first degree, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and assault in the third degree. In full satisfaction of that indictment, defendant pleaded guilty to assault in the second degree with the understanding that he would be sentenced to a prison term of four years followed by five years of postrelease supervision.
Prior to sentencing, County Court was advised of defendant's pro se request to withdraw his plea based upon defense counsel's alleged conflict of interest. County Court assigned new counsel, and the matter was adjourned. County Court denied defendant's subsequent motion to withdraw his plea, finding that defendant failed to demonstrate that counsel's potential conflict of interest operated upon the defense, and thereafter sentenced defendant as a second felony offender to the contemplated term of imprisonment. This appeal ensued.
Defendant — both through counsel and in his pro se brief — contends that he was denied conflict-free representation and/or the effective assistance of counsel due to the fact that defense counsel had represented one of defendant's victims in 2005. As a result, defendant argues that his guilty plea was involuntary and, therefore, County Court should have granted his motion to withdraw his plea. We disagree.
"A defendant is denied the right to effective assistance of counsel when, absent inquiry by the court and the informed consent of [the] defendant, defense counsel represents interests which are actually in conflict with those of [the] defendant" (People v Payton, 22 NY3d 1011, 1013 [2013] [internal quotation marks and citation omitted; emphasis added]). Hence, "once a trial court is aware of facts from which it appears that conflicting interests arguably exist, the [court] must conduct a record inquiry . . . in order to ascertain whether [the defendant] 'has an awareness of the potential risks involved . . . and has knowingly chosen'" to proceed (id. at 1014, quoting People v Gomberg, 38 NY2d 307, 313-314 [1975]; see People v Marshall, 173 AD3d 1257, 1260 [2019]). That said, a trial court's failure to undertake such inquiry and obtain the defendant's consent "requires reversal only if the conflict is an actual one. Where the conflict is merely potential, reversal is mandated only if the defendant can establish that the conflict operated on the defense" (People v Payton, 22 NY3d at 1014; see People v Sanchez, 21 NY3d 216, 223 [2013]; People v Patterson, 177 AD3d 1027, 1028 [2019], lv denied 34 NY3d 1131 [2020]; People v Wright, 129 AD3d 1217, 1218 [2015], affd 27 NY3d 516 [2016]). Although "[t]he requirement that a potential conflict have affected, or operated on, or borne a substantial relation to the conduct of the defense . . . is not a requirement that the defendant show specific prejudice," the defendant nonetheless bears the "heavy burden" of demonstrating that the potential conflict "actually operated on" his or her defense (People v Sanchez, 21 NY3d at 223 [internal quotation marks and citations omitted]; see People v Brown, 33 NY3d 983, 987 [2019]; People v Baber, 182 AD3d 794, 802 [2020]).
Defense counsel's representation of one of defendant's victims in 2005 was disclosed to County Court, but apparently not to defendant, prior to defendant's guilty plea. Although the better practice would have been for County Court to ascertain whether defendant was aware of the potential conflict and determine how defendant wished to proceed, defendant has failed to meet his heavy burden of showing that such conflict actually operated upon his defense. Contrary to defendant's argument that counsel's representation of one of defendant's victims more than a decade ago necessarily precluded counsel from providing defendant with sound and unbiased legal advice, the record demonstrates that defense counsel facilitated defendant's appearance before the grand jury, requested various witnesses upon defendant's behalf and, following negotiations with the People, secured an advantageous plea agreement for defendant (see People v Wright, 129 AD3d at 1219). Under these circumstances, we cannot say that defendant met his heavy burden of demonstrating that the potential conflict at issue actually operated upon his defense.
Defendant's related claim — that the foregoing conflict of interest rendered his plea involuntary and, therefore, County Court should have granted defendant's motion to withdraw his plea — is similarly unpersuasive. The plea colloquy itself belies defendant's present assertion that he lacked the information necessary to make an informed decision, and nothing on the face of the colloquy calls into question the voluntariness of defendant's plea (see People v Burnell, 183 AD3d 931, 933 [2020]). Similarly, absent "evidence of innocence, fraud or mistake in the inducement, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea" (People v Diggs, 178 AD3d 1203, 1205 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 1158 [2020]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.