People v Hartle (2021 NY Slip Op 01292)





People v Hartle


2021 NY Slip Op 01292


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

111739

[*1]The People of the State of New York, Respondent,
v
Mark A. Hartle, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Sasha Mascarenhas of counsel), for respondent.



Pritzker, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Richards, J.), entered July 11, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of rape in the first degree (four counts), criminal sexual act in the first degree (four counts), sexual abuse in the first degree (four counts), rape in the third degree (four counts), criminal sexual act in the third degree (five counts) and sexual abuse in the third degree (three counts), without a hearing.
Following a jury trial in June 2016, defendant was found guilty of four counts of rape in the first degree, four counts of criminal sexual act in the first degree, four counts of sexual abuse in the first degree, four counts of rape in the third degree, five counts of criminal sexual act in the third degree and three counts of sexual abuse in the third degree stemming from defendant subjecting a 15-year-old victim to sexual contact from the summer of 2014 through the fall of 2014. Defendant was sentenced to an aggregate prison term of 54 years, to be followed by 10 years of postrelease supervision. Defendant appealed his conviction, which was affirmed by this Court in March 2018 (159 AD3d 1149 [2018], lv denied 31 NY3d 1082 [2018]).
In March 2019, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 based on the grounds of ineffective assistance of counsel and the discovery of new evidence. The People opposed defendant's motion. County Court, without holding a hearing, denied the motion in its entirety, finding that the claim of ineffective assistance of counsel was previously determined on the direct appeal, and that the materials retrieved from defendant's cell phone did not constitute newly discovered evidence. By permission, defendant appeals.
Although we agree with defendant that County Court erred in denying his CPL 440.10 motion as to the ineffective assistance of counsel claim due to a procedural bar based on his direct appeal,[FN1] we affirm the denial of defendant's motion on the merits. To that end, defendant alleges that he was denied the effective assistance of counsel because of a potential conflict of interest in that one of the two attorneys who comprised his trial counsel (hereinafter trial counsel No. 2) had previously represented the St. Lawrence County District Attorney (hereinafter the DA), and he argues that, had he known of the conflict, he would have terminated the representation. "The State and Federal Constitutions guarantee a criminal defendant the right to the effective assistance of counsel, that is, 'representation that is reasonably competent, conflict-free and singlemindedly devoted to the client's best interests'" (People v Wright, 129 AD3d 1217, 1217 [2015], affd 27 NY3d 516 [2016], quoting People v Payton, 22 NY3d 1011, 1013 [2013]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed, and, in such situations[*2], reversal is required if the defendant does not waive the actual conflict. In contrast, a potential conflict that is not waived by the accused requires reversal only if it operates on or affects the defense" (People v Sanchez, 21 NY3d 216, 223 [2013] [internal quotation marks and citations omitted]; accord People v Palmer, 173 AD3d 1560, 1561 [2019]). The defendant bears the "heavy burden to show that a potential conflict actually operated on the defense" (People v Sanchez, 21 NY3d at 223 [internal quotation marks and citations omitted]; see People v Gibson, 185 AD3d 1101, 1102 [2020], lvs denied 35 NY3d 1066, 1068 [2020]).
Defendant failed to meet his heavy burden. It is undisputed that trial counsel No. 2's representation of the DA continued until mid-December 2014, that trial counsel No. 2 was not formally retained by defendant until July 2015 and that defendant was not advised of trial counsel No. 2's prior representation of the DA by either of his trial attorneys. As such, trial counsel No. 2's non-simultaneous representation of defendant constitutes merely a potential conflict of interest requiring defendant to establish that the potential conflict affected the defense (see People v Sanchez, 21 NY3d at 223). However, defendant failed to set forth allegations that the potential conflict of interest actually operated upon his defense, thus failing to meet his heavy burden (see People v Gibson, 185 AD3d at 1102-1103; People v Wright, 129 AD3d at 1219). Moreover, the record establishes that, viewed in the totality, both of defendant's trial attorneys rendered effective assistance of counsel (see People v Gibson, 185 AD3d at 1103; People v Wright, 129 AD3d at 1219). Given these circumstances, County Court did not err in denying defendant's CPL 440.10 motion without a hearing, as defendant "did not support his claim of ineffective assistance of counsel with factual allegations that, if established, would entitle him to relief" (People v Flower, 173 AD3d 1449, 1458 [2019], lv denied 34 NY3d 931 [2019]; see People v Santana, 179 AD3d 1299, 1304 [2020], lv denied 35 NY3d 973 [2020]).[FN2]
We reach the same conclusion as to that portion of defendant's motion that was based upon newly discovered evidence. On appeal, defendant contends that deleted text messages and photographs between him and the victim could not have been produced at trial even with due diligence and such recovered evidence constitutes newly discovered evidence warranting a new trial. To vacate a judgment of conviction based on newly discovered evidence, a defendant must demonstrate "that the newly discovered evidence fulfills all the following requirements: (1) [i]t must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue[*3]; and (6) it must not be merely impeaching or contradicting the former evidence" (People v Shaw, 174 AD3d 1036, 1037 [2019] [internal quotation marks and citations omitted], lv dismissed 34 NY3d 1081 [2019]; see People v Salemi, 309 NY 208, 215-216 [1955]).
In defendant's affidavit in support of his CPL 440.10 motion, he revealed that, during the summer of 2014, his text message exchanges with the victim became sexual in nature, that he took photographs of the victim with his cell phone that were sexual in nature and that he received photographs that were sexual in nature from the victim. Defendant averred that, prior to his arrest, he deleted all of the text messages and photographs because he "did not want anyone to see them." He informed both of his trial counsel of this, and all parties believed that the deleted material could not be recovered. After the jury trial, defendant's mother was able to obtain defendant's cell phone from the State Police and, ultimately, allegedly due to advances in technology since the time of trial, the deleted text messages and photographs between the victim and defendant were recovered.
We find defendant's contention that these text messages and photographs constitute newly discovered evidence to lack merit because the existence of the text messages and photographs were not discovered since the trial; rather, defendant knew about their existence long before the trial (see CPL 440.10 [1] [g]; People v Lalonde, 160 AD3d 1020, 1027 [2018], lv denied 31 NY3d 1118 [2018]; People v Cain, 96 AD3d 1072, 1073-1074 [2012], lv denied 19 NY3d 1101 [2012]; People v Craft, 123 AD2d 481, 483 [1986], lv denied 69 NY2d 745 [1987]). Defendant focuses on the technological advances that have occurred since the trial that have made it possible to recover the text messages and photographs. However, although those technological advances themselves and their ability to recover the deleted material may be "newly discovered," that does not negate that defendant knew about the existence and content of the material from the time he received them. Indeed, this is not a situation where advances in technology make it possible to test a DNA sample, yielding DNA evidence that did not previously exist (see e.g. People v Jones, 24 NY3d 623, 635-636 [2014]), or where advances in medicine and science reveal information not known at the time of trial (see e.g. People v Bailey, 144 AD3d 1562, 1564 [2016]). Rather, the "new" technology allowed retrieval of the text messages and photographs that defendant himself deleted to avoid detection. To hold otherwise would create the rule that a defendant can destroy evidence he or she deemed inculpatory and then subsequently benefit from advances in technology to resurrect that evidence if it later appears beneficial. Based on the foregoing, County Court properly denied defendant's CPL 440.10 motion without a hearing (see People v Salemi, 309 NY at 215-216; People v Werkheiser, 171 AD3d 1297, 1304-[*4]1305 [2019], lv denied 33 NY3d 1109 [2019]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Specifically, County Court found that defendant's claim was procedurally barred pursuant to CPL 440.10 (2) (a) because this Court rejected his ineffective assistance of counsel claim on direct appeal (159 AD3d at 1155). However, because defendant's current ineffective assistance claim is based upon nonrecord facts — the proper subject of a CPL article 440 motion — this Court did not opine on the issue on direct appeal.

Footnote 2: We would be remiss not to acknowledge defendant's argument that his conflict of interest is neither actual nor potential; rather, the true ineffectiveness stems from trial counsel No. 2's failure to alert defendant as to his prior representation of the DA. Moreover, defendant asserts that, had he known of the prior representation, he would not have hired trial counsel No. 2. We do not disagree with defendant that he should have been informed of trial counsel No. 2's prior representation of the DA. However, his failure to inform defendant of the prior representation does not constitute ineffective assistance of counsel per se.