People v Hatcher (2022 NY Slip Op 07099)

People v Hatcher

2022 NY Slip Op 07099

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

112698 113333
[*1]The People of the State of New York, Respondent,
v
Jayvel Hatcher, Appellant.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Angela M. Kelley, Albany, for appellant.
Joseph Stanzione, District Attorney, Catskill (Denise J. Kerrigan of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the County Court of Greene County (Terry J. Wilhelm, J.), rendered September 19, 2017, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree, and (2) by permission, from an order of said court, entered March 16, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a sealed indictment with two counts of assault in the second degree and one count of assault in the third degree. The charges stemmed from an incident that occurred in February 2016 when defendant repeatedly struck a correction officer at the facility where he then was incarcerated. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of attempted assault in the second degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years — to be served consecutively to the sentence he then was serving. Following defendant's guilty plea, which did not require him to waive his right to appeal, the matter was adjourned for sentencing.
Prior to sentencing in September 2017, defendant moved to withdraw his plea, contending that defense counsel's failure to provide him with a copy of various discovery materials rendered his plea involuntary. County Court denied defendant's motion and imposed the agreed-upon term of imprisonment. Thereafter, in January 2022, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, alleging that he had been denied the effective assistance of counsel. The People opposed the requested relief, and County Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
We affirm. Defendant's challenge to the voluntariness of his plea was preserved by his unsuccessful motion to withdraw (see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]), which, in turn, was premised upon defense counsel's failure to provide defendant with copies of the People's response to defendant's discovery demands.[FN1] According to defendant, had he personally received copies of the discovery materials in a timely manner and been able to make his own assessment thereof, as opposed to relying upon defense counsel's evaluation of the evidence, he would not have pleaded guilty. Defendant further contends that County Court abused its discretion in denying his request for an adjournment, as a result of which he felt pressured to accept the guilty plea. We find such claims to be unpersuasive.
As a starting point, although defendant now complains that the 30-minute adjournment granted by County Court was inadequate, defendant raised no objection in this regard after the proceedings reconvened (see CPL 470.05 [2]). Instead, after assuring County Court that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's legal [*2]advice, that counsel had explained the underlying charge and the consequences of pleading guilty, that no one had threatened him in order to procure his plea and that he was pleading guilty of his own free will, defendant indicated his desire to accept the People's offer. In short, many of defendant's present assertions are belied by his sworn statements made during the plea colloquy. Additionally, the pressure to which defendant purportedly was subjected represents nothing more than "the type of situational coercion faced by many defendants who are offered a plea deal" (People v Bryant, 207 AD3d 886, 889 [3d Dept 2022] [internal quotation marks and citation omitted]; accord People v Hawkins, 207 AD3d 814, 816 [3d Dept 2022]), which is insufficient to render his plea involuntary (see People v Blanford, 179 AD3d 1388, 1392 [3d Dept 2020], lv denied 35 NY3d 968 [2020]).
With respect to the impact of the discovery materials, the crux of defendant's argument — that the absence of an opportunity to independently review the documents at issue and assess the strength of the People's case necessarily rendered his plea involuntary — lacks merit. There is no question that defendant retained authority over certain fundamental decisions involving his case, including — as relevant here — whether to plead guilty or proceed to trial (see People v Hogan, 26 NY3d 779, 786 [2016]; People v Diaz, 163 AD3d 110, 115 [3d Dept 2018], lv denied 32 NY3d 1110 [2018]; People v Terry, 309 AD2d 973, 974 [3d Dept 2003]). However, defendant "[did] not retain a personal veto power over counsel's exercise of professional judgments" (People v Diaz, 163 AD3d at 115 [internal quotation marks and citation omitted]; see generally People v Hogan, 26 NY3d at 786; People v Lasher, 74 AD3d 1474, 1475-1476 [3d Dept 2010], lv denied 15 NY3d 894 [2010]). Simply put, the mere fact that defendant, as a layperson, and defense counsel disagreed as to the legal import of the discovery documents, the corresponding strength of the People's case and/or any viable defenses thereto neither deprived defendant of decision-making authority over a fundamental aspect of his case nor rendered his plea involuntary.
Defendant raises similar arguments in the context of his claim of ineffective assistance of counsel — specifically, that counsel failed to properly investigate his case, provide him with the requested discovery materials and obtain defendant's medical records and/or the correction officer's personnel file, as the result of which he was pressured to make an uninformed decision regarding his guilty plea. Defendant further argues that he was deprived of conflict-free representation. Again, we find these arguments to be unavailing.
Inasmuch as "defendant's mixed claims of ineffective assistance of counsel are premised on both record-based and nonrecord-based allegations, they are properly reviewed in their entirety on defendant's appeal from the denial of his CPL 440.10 motion" (People v Goodwalt[*3], 205 AD3d 1070, 1073 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]; see People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]). To that end, we note in passing that although defense counsel conceded — in the context of defendant's motion to withdraw — that he did not "go over" the discovery materials with defendant prior to defendant's guilty plea, defendant's postconviction motion, which is supported by defendant's affidavit, appellate counsel's affirmation and various exhibits, does not include an affirmation from defense counsel. We recently have observed that "[t]he failure to include an affirmation from counsel, or an explanation for the failure to do so, has been held to warrant the summary denial of a defendant's postconviction motion" (People v Fish, 208 AD3d at 1549 [internal quotation marks and citation omitted]). In any event, we consistently have held that, "in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v See, 206 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citation omitted]; accord People v Minaya, 206 AD3d 1161, 1164 [3d Dept 2022]; People v Goodwalt, 205 AD3d at 1073), and we are satisfied that such standard was met here.
The record reflects that defense counsel made appropriate pretrial motions, attempted to secure a judicial subpoena to obtain the name and cell assignments of all incarcerated individuals located in defendant's division on the date in question and secured a favorable plea deal that permitted defendant to plead guilty to the reduced charge of attempted assault in the second degree — a class E nonviolent felony (see Penal Law §§ 110.00, 120.05 [7]; see generally People v McGuffie, 308 AD2d 636, 636 [3d Dept 2003], lv denied 1 NY3d 576 [2003]) — for which defendant, as a second felony offender, received the minimum term of imprisonment (see Penal Law § 70.06 [3] [e]; [4] [b]). Additionally, and as noted previously, defendant assured County Court that he had been afforded sufficient time to confer with defense counsel and was satisfied with the legal advice that counsel had rendered, and we are not persuaded that counsel's admitted failure to provide defendant with copies of the People's response to discovery demands rises to the level of ineffective assistance — particularly given that defendant's and counsel's respective assessments of those materials and the overall strength of the People's case is akin to "a simple disagreement with strategies and tactics that does not constitute the ineffective assistance of counsel" (People v Spencer, 169 AD3d 1268, 1271 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 938 [2019]).
We reach a similar conclusion regarding counsel's asserted failure to procure defendant's medical records and/or the correction officer's personnel file. Although defendant argues [*4]that such documents were favorable to his defense, we do not find either defendant's selective reading of his medical records or the unsubstantiated complaints of abusive behavior by the correction officer at issue to establish that counsel was ineffective or, alternatively, to be sufficiently material to warrant a hearing (cf. People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). We further note that defendant's postconviction argument in this regard stands in stark contrast to his sworn statements during the plea colloquy, during the course of which he freely admitted to punching the correction officer "multiple times in the head and face and upper body with a closed fist, and struggl[ing] with that officer[,] causing the officer to fall to the floor."
Finally, we are not persuaded that defendant was deprived of conflict-free representation. "'A defendant is denied the right to effective assistance of counsel when, absent inquiry by the court and the informed consent of the defendant, defense counsel represents interests which are actually in conflict with those of the defendant'" (People v Gibson, 185 AD3d 1101, 1102 [3d Dept 2020] [brackets omitted], lv denied 35 NY3d 1066 [2020], quoting People v Payton, 22 NY3d 1011, 1013 [2013]). On the other hand, "[w]here the conflict is merely potential, reversal is mandated only if the defendant can establish that the conflict operated on the defense" (People v Gibson, 185 AD3d at 1102 [internal quotation marks and citation omitted]; see People v Burks, 172 AD3d 1640, 1642 [3d Dept 2019], lv denied 33 NY3d 1102 [2019]). Although this does not require a showing of "specific prejudice, the defendant nonetheless bears the heavy burden of demonstrating that the potential conflict actually operated on[, or bore a substantial relation to the conduct of,] his or her defense" (People v Gibson, 185 AD3d at 1102 [internal quotation marks and citation omitted]; see People v Wright, 129 AD3d 1217, 1219 [3d Dept 2015], affd 27 NY3d 516 [2016]). Inasmuch as defense counsel filed and supported defendant's motion to withdraw his plea, which, in turn, was premised upon counsel's admitted failure to "go over" the People's discovery response with defendant, defense counsel clearly did not take a position adverse to defendant's interests, and we are unpersuaded that defendant met his burden of showing that any potential conflict of interest in this regard actually operated on his defense. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant's plea was entered into — and his resulting motion to withdraw was made — prior to the enactment of the discovery provisions embodied in CPL article 245 (effective January 1, 2020).