People v Montgomery (2023 NY Slip Op 06167)

People v Montgomery

2023 NY Slip Op 06167

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

112580
[*1]The People of the State of New York, Respondent,
v
Arsheen Montgomery, Appellant.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered November 29, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Upon the execution of a search warrant, law enforcement officials discovered narcotics and a gun in defendant's residence. In connection therewith, defendant was charged by indictment with various crimes. Prior to trial, defendant moved to suppress certain statements that he made while being questioned by a detective on the basis that the questioning violated his right to counsel. At the outset of the Huntley hearing, County Court noted that the Public Defender's office had a conflict with its representation of defendant and that it would be inquiring as to whether assigned counsel could represent defendant. Notwithstanding this, the Huntley hearing proceeded with an attorney from the Public Defender's office representing defendant. Following the conclusion of the Huntley hearing, the court denied defendant's motion. Defendant, with new counsel, thereafter pleaded guilty to criminal possession of a weapon in the second degree and was sentenced to a term of imprisonment followed by a period of postrelease supervision. Defendant appeals.
Defendant argues that County Court erred in finding that he did not unequivocally invoke his right to counsel.[FN1] "A defendant's request for an attorney will invoke [the] indelible right to counsel if the request is unequivocal, an inquiry which is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (People v Burton, 215 AD3d 1054, 1060 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 927 [2023]). While being questioned, defendant asked the detective, "[W]ill a lawyer be here like today to talk to me?" In response, the detective said that they would be going to federal court later where defendant could talk to someone. Defendant thereafter answered more questions. Contrary to defendant's claim, the record demonstrates that defendant made only an equivocal request for counsel and, thus, the right to counsel was not triggered (see People v Hicks, 69 NY2d 969, 970 [1987]; People v Davis, 196 AD3d 918, 922 [3d Dept 2021]; People v Bowman, 194 AD3d 1123, 1129 [3d Dept 2021], lv denied 37 NY3d 963 [2021]; People v Snickles, 206 AD2d 675, 676-677 [3d Dept 1994], lv denied 84 NY2d 872 [1994]). Accordingly, the court correctly denied the suppression motion.
Defendant asserts that he received ineffective assistance of counsel due to a conflict of interest — namely, that the Public Defender's office represented him at the Huntley hearing. Defendant, however, does not articulate how such perceived conflict impacted the voluntariness of his plea (compare People v Gibson, 185 AD3d 1101[*2], 1102 [3d Dept 2020], lv denied 35 NY3d 1066 [2020]; People v Pettigrew, 161 AD3d 1306, 1307 [3d Dept 2018], lv denied 32 NY3d 940 [2018]). As such, the assertion of ineffective assistance of counsel is foreclosed by the guilty plea (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]).
To the extent that an argument can be gleaned that the claimed ineffective assistance of counsel impacted the plea bargaining process, it is nonetheless unpreserved because defendant did not make a postallocution motion on this ground (see People v Jones, 114 AD3d 1080, 1081 [3d Dept 2014], lv denied 24 NY3d 961 [2014]). Defendant does not contend that the narrow exception to the preservation rule applies and instead asks this Court to take corrective action in the interest of justice. We decline this invitation. "A defendant is denied the right to effective assistance of counsel when, absent inquiry by the court and the informed consent of the defendant, defense counsel represents interests which are actually in conflict with those of the defendant" (People v Gibson, 185 AD3d at 1102 [internal quotation marks, brackets, emphasis and citations omitted]). Meanwhile, "a potential conflict that is not waived by the accused requires reversal only if it 'operates' on or 'affects' the defense" (People v Sanchez, 21 NY3d 216, 223 [2013], quoting People v Abar, 99 NY2d 406, 409 [2003]). The parties debate whether the conflict of interest at issue is an actual conflict or a potential conflict. This determination, however, cannot be made because neither the factual circumstances creating the alleged conflict nor the precise reasons as to why the Public Defender's office could not represent defendant is discernible from the record. To the extent that evidence outside the record exists to support defendant's position, defendant is free to make a motion under CPL article 440 (see People v Patterson, 177 AD3d 1027, 1028 [3d Dept 2019], lv denied 34 NY3d 1131 [2020]).
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The People concede that defendant did not validly waive the right to appeal. Defendant is therefore not precluded from challenging County Court's suppression ruling (see People v Nichols, 194 AD3d 1114, 1116 [3d Dept 2021], lv denied 37 NY3d 973 [2021]).