People v Hines (2024 NY Slip Op 03102)

People v Hines

2024 NY Slip Op 03102

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

112661
[*1]The People of the State of New York, Respondent,
v
Jamel Hines, Appellant.

Calendar Date:April 23, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.P.
Appeals, by permission, from two orders of the Supreme Court (Peter A. Lynch, J.), entered November 24, 2020 and December 11, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted criminal possession of a weapon in the second degree, after a hearing.
Defendant was convicted, upon his plea of guilty, of the crime of attempted criminal possession of a weapon in the second degree and was sentenced, as a second felony offender, to a prison term of five years followed by five years of postrelease supervision. Defendant appealed this conviction, which was affirmed (172 AD3d 1649 [3d Dept 2019], lv denied 34 NY3d 951 [2019]). Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10 contending, among other things, that his trial counsel had a conflict of interest that was not disclosed to him — specifically, that the Assistant District Attorney (hereinafter ADA) who prosecuted his case had been paid by defendant's trial counsel to draft appellate briefs in certain cases. Following a hearing, Supreme Court denied defendant's motion. Defendant appeals, by permission, and we affirm.
"[A] criminal defendant is entitled to the effective assistance of counsel, defined as 'representation that is reasonably competent, conflict-free and singlemindedly devoted to the client's best interests' " (People v Ennis, 11 NY3d 403, 409-410 [2008], cert denied 556 US 1240 [2009], quoting People v Harris, 99 NY2d 202, 209 [2002]). "That said, it is the defendant who bears the burden of establishing a denial of meaningful representation" (People v Thomas, 217 AD3d 1125, 1126 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 1013 [2023]). In a case such as this, where "an ineffective assistance of counsel claim is premised upon a perceived conflict of interest, the law draws a distinction between actual and potential conflicts" (id.; see People v Wright, 27 NY3d 516, 520-521 [2016]; People v Sanchez, 21 NY3d 216, 223 [2013]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Sanchez, 21 NY3d at 223 [internal citations omitted]; see People v Hartle, 192 AD3d 1199, 1201 [3d Dept 2021], affd 40 NY3d 39 [2023], cert denied ___ US ___, 144 S Ct 383 [2023]). "On the other hand, where a merely potential conflict exists, reversal is required only if such conflict affected, or operated on, or bore a substantial relation to the conduct of the defense" (People v Thomas, 217 AD3d at 1127 [internal quotation marks, brackets and citations omitted]; see People v Wright, 27 NY3d at 521; People v Mero, 221 AD3d 1242, 1252 [3d Dept 2023], lv granted 40 NY3d 1095 [2024]).
Despite defendant's contention to the contrary, as this Court has previously held, the business relationship between [*2]trial counsel and the ADA presents a potential rather than an actual conflict (see People v Mero, 221 AD3d at 1251; People v Thomas, 217 AD3d at 1127). We have carefully scrutinized the record, which includes excerpts of the hearing transcripts from the CPL article 440 hearings in People v Mero and People v Thomas, and have found it devoid of any evidence that "the defense attorney [or] trial counsel had any divided loyalties or represented any conflicting interests in the context of advocating for defendant in this matter. Similarly, although the ADA — in his dual role as prosecuting attorney and appellate brief ghostwriter — may have found himself in something of a quandary, neither the ADA's ethical nor business dilemma gave rise to an actual conflict of interest in trial counsel's representation of defendant" (People v Thomas, 217 AD3d at 1127).
Additionally, "the record is devoid of proof that any such conflict affected, operated on or bore a substantial relation to the conduct of the defense" (id. at 1127-1128; see People v Mero, 221 AD3d at 1252).[FN1] To the contrary, trial counsel zealously advocated for defendant. This is readily apparent from the transcript of the suppression hearing, which appears to have been quite contentious between the ADA and trial counsel. After defendant did not prevail at the hearing, trial counsel secured a very advantageous plea agreement. Specifically, defendant was sentenced as a second felony offender and was charged with, among other things, a class C felony (see Penal Law § 265.03). If convicted after trial of this count alone, defendant would have faced a maximum sentence of 15 years followed by 20 years of postrelease supervision (see Penal Law §§ 70.45 [2-a] [h]; 70.06 [6] [b]). Rather, trial counsel negotiated a favorable plea agreement wherein defendant pleaded guilty to a class D felony with an agreed-upon sentence of five years in prison followed by five years of postrelease supervision. Not only did defendant retain his appellate rights as part of this plea agreement, but when he was arrested on an unrelated matter while out on bail awaiting sentencing, the People did not seek an enhanced sentence. Therefore, "nothing on the face of the record suggests that such representation was in any manner affected by the ADA's and [trial counsel's] undisclosed business relationship" (People v Thomas, 217 AD3d at 1128; see People v Mero, 221 AD3d at 1252). Accordingly, defendant received meaningful representation and, as such, Supreme Court properly denied his motion to vacate the judgment of conviction (see People v Drake, 224 AD3d 1138, 1142 [3d Dept 2024]; People v Kuhn, 221 AD3d 1182, 1185 [3d Dept 2023]). To the extent not specifically addressed herein, we have examined defendant's remaining contentions and find them to be without merit.
Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the orders are affirmed.

Footnotes

Footnote 1: We are also unpersuaded by defendant's contention that, due to an underlying appearance of impropriety, he is relieved of demonstrating that the alleged potential conflict impacted the defense (see People v Thomas, 217 AD3d at 1128 n 2; compare People v Shinkle, 51 NY2d 417, 420-421 [1980]).